NOT DESIGNATED FOR PUBLICATION

No. 123,040

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD STEVEN TRASS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed February 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: After pleading guilty to three counts of distribution of methamphetamine and three counts of distribution of heroin, the district court sentenced Donald Steven Trass to 73 months in prison. With the agreement of the parties, the district court granted Trass' motion for a downward dispositional departure to 36 months' probation. About two months after sentencing, Trass admitted to violating his probation by using methamphetamine on two occasions and was ordered to serve a three-day jail sanction. One month later, Trass admitted to another probation violation and was ordered to serve an additional three-day jail sanction.

1

Four months after sentencing, the State moved to revoke Trass' probation, alleging he committed new crimes and violated other probation conditions. The district court held a hearing on the motion and found Trass had violated his probation by failing to report and committed a new crime by violating the Kansas Offender Registration Act. Because the district court originally granted probation as a dispositional departure and Trass committed a crime while on probation, the district court declined to impose intermediate sanctions, revoked the probation, and ordered Trass to serve his original prison sentence.

We accepted this appeal for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We affirm.

On appeal, Trass does not dispute that he violated the conditions of his probation. Instead, his sole contention is that the district court erred in revoking his probation and ordering him to serve the underlying sentence. But once a violation has been established, the decision to revoke probation is within the district court's discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Unless the district court's decision results from legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Trass maintains the district court abused its discretion by revoking his probation because his "interests would be best served by receiving available impatient treatment and remaining in the community." Upon our review, we find the district court's decision was legally and factually appropriate. Under the statute governing probation revocations, the district court was permitted to bypass intermediate sanctions and impose Trass' prison sentence because he committed a new crime while on probation and because probation was originally granted because of a dispositional departure. K.S.A. 2020 Supp. 22-3716(c)(7)(B), (C).

Since we conclude there was no legal or factual error in the district court's revocation of probation, we next consider whether the decision was unreasonable.

Upon our review of the record on appeal, we find nothing unreasonable about the district court's decision. Trass stipulated to numerous probation violations, including several violations related to his illegal use of methamphetamine and the commission of a new crime. Of note, Trotter's repeated violations of probation conditions occurred within a few short months after he was placed on probation. Under these circumstances, given his poor performance on probation, a reasonable person could agree that imposing Trotter's prison sentence was not unreasonable.

We hold the district court did not abuse its discretion in revoking Trass' probation and imposing imprisonment.

Affirmed.